

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION--HATTIESBURG

JONATHAN GERRELL KNIGHT            PLAINTIFF

Vs.            CAUSE NO. 2:17cv 13-KS-MTP

JONES COUNTY, MISSISSIPPI; and
JOHN DOE, in his individual
capacity, whose name is presently
unknown but will be substituted by amendment
when ascertained; and            DEFENDANTS

**JURY TRIAL DEMANDED**

COMPLAINT

The Plaintiff states his causes of action for damages for violation of his rights, privileges and immunities under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983 and under state law, as follows:

I.
JURISDICTION

1.    Jurisdiction of this court is proper pursuant to 28 U.S.C. §§1331 and 1343. Venue in this court is appropriate under 28 U.S.C. §1391(b).

II.
PARTIES

2.    Plaintiff **JONATHAN GERRELL KNIGHT** (hereinafter "Knight") is an adult resident citizen of Jones County, Mississippi, residing in Soso, Mississippi.

3.    Defendant **JONES COUNTY** is a county organized and formed under Mississippi law, whose agent for service of process is Jerome Wyatt, the President of the Board of Supervisors for Jones County, whose address is 415 North 5th Ave., Laurel, Mississippi 39440. Defendant Jones

County operates and maintains a law enforcement agency known as the Jones County Sheriff's Department. At all times pertinent to this cause of action, Defendant Jones County acted under color of law.

4. Defendant **JOHN DOE** was at all relevant times the jailor and/or deputy sheriff of Jones County, Mississippi, responsible for the violation of Plaintiff's civil rights at the time and location herein alleged, and on information and belief is an adult resident citizen of Jones County. The true identity of this Defendant will be substituted by amendment for the pseudonym John Doe when ascertained. At all times pertinent, John Doe was acting under color of state law.

## III.
## FACTS

5. On or about September 15, 2016, Plaintiff Jonathan Jerrell Knight, was being held as a pre-trial detainee at the Jones County jail in Laurel, Mississippi, following his arrest for a misdemeanor traffic charge on September 14, 2016.

6. Upon arrival at the Jones County jail on September 14, 2016 between approximately 7:30 -8:30 p.m., Knight was booked and placed into a holding cell by the booking desk with two (2) other detainees, where he stayed until morning.

7. On the morning of September 15, 2016, while one of the other detainees in Knight's cell was talking, John Doe, a white male jailor, told Knight to "shut up". When Knight explained that he was not the one talking, John Doe called him to the gate and told him to turn around and put his hands behind his back and proceeded to place him in handcuffs. Knight fully complied with John Doe's orders and at no time offered any resistance.

8. Shortly after Knight was secured in handcuffs, John Doe, without legal cause or justification, proceeded to assault Knight by slamming his head into the wall. John Doe

eventually tackled Knight, causing him to strike his head again on the concrete floor. The assault resulted in Knight sustaining serious injuries to his head, which required multiple stitches.

9. At no time prior to being assaulted by John Doe did Knight ever offer any resistance, or in any way verbally or physically threaten any of the jail personnel. This attack was completely and utterly unprovoked.

10. Shortly after this attack, a nurse with Jones County jail was summoned to render medical attention to Knight. Knight was then moved to an isolation cell, where he was held for five to ten minutes before being released by Jones County Captain, David Hare (hereinafter "Hare") for transport to the hospital.

11. When Knight attempted to report this assault to Hare, Hare told him that he did not want to hear anything about how it happened and further told Knight that he would "put another hole in [his] head if [he] didn't shut up". Hare then placed Knight into a patrol vehicle and drove him to a local hospital for medical attention.

12. Upon information and belief, the entire incident was captured on jail video surveillance, and Sheriff Alex Hodge (as well as other unknown individuals within the command staff at Jones County Jail) reviewed the video following this incident. On September 27, 2016, counsel for Plaintiff corresponded with Sheriff Hodge requesting that the video surveillance, as well as all other evidence of this incident be preserved. There has been no response from Sheriff Hodge or anyone else from Jones County.

13. As a proximate result of the physical abuse of Knight by Defendant John Doe, individually, Knight incurred physical pain and suffering, permanent scarring, temporary and permanent injuries, shock, fear and humiliation. He has incurred medical expenses associated with this assault—including charges associated with his emergency medical treatment and

continued medical treatment for his injuries.

14. Defendant John Doe at all relevant times acted under color of state law.

15. At all times relevant to this lawsuit, Defendant Jones County had policies, practices, and/or customs in place that encouraged and/or enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. These policies, practices, and/or customs tolerated and/or encouraged gross misconduct of its agents by failing to adequately screen for hiring, supervise, discipline, or train its police officers/jail personnel.

## IV.
## DAMAGES

16. As a proximate result of the intentional, sadistic, wanton and malicious acts of Defendants, Plaintiff suffered violent physical abuse, severe physical injury, permanent physical scarring, physical pain and suffering, medical expenses, fear and humiliation. He has also incurred medical expenses associated with this assault.

## V.
## FEDERAL CLAIM

17. Plaintiff incorporates herein all prior paragraphs of this Complaint.

## COUNT 1
## FOURTEENTH AMENDMENT

18. Defendants, acting in concert and under color of state law with callous disregard and sadistic intention, violated pre-trial detainee Knight's well-established rights to substantive due process under the Fourteenth Amendment of the United States Constitution to minimal levels of safety and security.

19. Defendant Jones County had polices, practices, and/or customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. These policies, practices, and/or customs tolerated and/or encouraged gross misconduct of its agents by failing to adequately screen for hiring, supervise, discipline, or train its police officers/jail personnel.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

That process be issued in accordance with law to the Defendants and that Plaintiff be granted a jury trial and judgment from and against the defendants as follows:

   i. Reasonable compensatory damages from and against each defendant, individually, jointly, severally and/or vicariously, as appropriate;

   ii. Punitive damages from Defendant in his individual capacity in an amount reasonably calculated to punish Defendant and to deter similar conduct by other law enforcement personnel/ agencies and others similarly situated.

   iii. Plaintiff's costs of court, including reasonable attorney fees and expenses pursuant to 42 U.S.C. §1988 and state law;

   iv. General Relief, as appropriate.

RESPECTFULLY SUBMITTED, this the 23rd day of January, 2017.

JONATHAN GERRELL KNIGHT

BY: *[signature]*
PHILIP A. STROUD, MSB 99401
BRANDON L. FLECHAS, MSB 102283
5779 GETWELL ROAD, BUILDING C-1
SOUTHAVEN, MISSISSIPPI 38672
662-536-5656 phone
662-536-5657 facsimile

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY AS TO ALL COUNTS HEREIN.**

BY: *[signature]*
PHILIP A. STROUD