IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHEN DISTRICT OF MISSISSIPPI
EASTERN DIVISON

JONATHAN GERRELL KNIGHT                        PLAINTIFF

VERSUS                        CAUSE NO.: 2:17-cv-13-KS-MTP

JONES COUNTY, MISSISSIPPI and
DEPUTY DANIEL LYNCH, in his individual
capacity                        DEFENDANTS

## JONES COUNTY, MISSISSIPPI'S ANSWER
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now Jones County, Mississippi, by and through counsel, and in response to Plaintiff's First Amended Complaint, would show unto the Court as follows:

### FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's First Amended Complaint fails to state facts against the answering defendant which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### THIRD DEFENSE

Answering defendant specifically asserts and invokes all defenses available to it as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal

and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Answering defendant denies that it has been guilty of any actionable conduct.

**FIFTH DEFENSE**

**ADMISSIONS AND DENIALS**

And now without waiving any defenses heretofore or hereinafter set forth, the answering defendant responds to the Plaintiff's First Amended Complaint paragraph by paragraph, as follows:

**I.**
**JURISDICTION**

1. Answering defendant admits that jurisdiction and venue are proper in this Court. Answering defendant denies the remaining allegations of paragraph 1 of Plaintiff's First Amended Complaint.

**II.**
**PARTIES**

2. Answering defendant admits, upon information and belief, the allegations of Paragraph 2 of Plaintiff's First Amended Complaint.

3. Answering defendant admits that Jones County, Mississippi, is a political subdivision as that term is defined by Mississippi Law, whose agent for service of process is Jerome Wyatt, President of its Board of Supervisors. Answering defendant denies the remaining allegations of Paragraph 3 of Plaintiff's First Amended Complaint, as stated.

4.      Answering defendant admits that Daniel Lynch was, at the time of the alleged incident, working as a Jailer for Jones County, Mississippi. Answering defendant denies the remaining allegations of Paragraph 4 of the Plaintiff's First Amended Complaint.

### III.
### FACTS

5.      Answering defendant admits Plaintiff was incarcerated in the Jones County Jail on September 15, 2016, following his September 14, 2016, arrest on multiple traffic offenses. Answering defendant denies the remaining allegations of paragraph 3 of Plaintiff's First Amended Complaint.

6.      Answering defendant admits Plaintiff was booked into the Jones County Jail at approximately 10:01 p.m. and was placed in a holding cell. Answering defendant denies the remaining allegations of paragraph 6 of Plaintiff's First Amended Complaint.

7.      Answering defendant denies the allegations of Paragraph 7 of the Plaintiff's First Amended Complaint.

8.      Answering defendant denies the allegations of Paragraph 8 of the Plaintiff's First Amended Complaint.

9.      Answering defendant denies the allegations of Paragraph 9 of the Plaintiff's First Amended Complaint.

10.     Answering defendant admits the Plaintiff was provided medical care while housed in the Jones County Jail.  Answering defendant denies the remaining allegations of Paragraph 10 of the Plaintiff's First Amended Complaint.

11. Answering defendant denies the allegations of Paragraph 11 of the Plaintiff's First Amended Complaint.

12. Answering defendant admits that an incident between Plaintiff and Lynch was captured on video and that the video has been preserved. Answering defendant denies the remaining allegations of Paragraph 12 of the Plaintiff's First Amended Complaint.

13. Answering defendant denies the allegations of Paragraph 13 of the Plaintiff's First Amended Complaint.

14. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations in paragraph 14 of Plaintiff's Amended Complaint and, as such, denies the same.

15. Answering defendant denies the allegations of Paragraph 15 of the Plaintiff's First Amended Complaint.

## IV.
## DAMAGES

16. Answering defendant denies the allegations of Paragraph 16 of the Plaintiff's First Amended Complaint.

## V.
## FEDERAL CLAIMS

17. Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-16 hereinabove as if the same were specifically set out herein.

# COUNT I
# FOURTEENTH AMENDMENT

18. Answering defendant denies the allegations of Paragraph 18 of the Plaintiff's First Amended Complaint.

19. Answering defendant denies the allegations of Paragraph 19 of the Plaintiff's First Amended Complaint.

**REQUEST FOR RELIEF**

As for the unnumbered paragraph which commences "Plaintiff requests the following…" answering defendant denies each and every allegation contained therein, including subparagraphs i-iv and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

**SIXTH DEFENSE**

Answering defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

**SEVENTH DEFENSE**

Answering defendant avers that it has met or exceeded the requirements of law and due care and that it is guilty of no acts or omissions which either caused or contributed to the incidents in question.

**EIGHTH DEFENSE**

Answering defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## NINTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, answering defendant would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

**TENTH DEFENSE**

Answering defendant asserts and invokes 42 U.S.C. 1997e(a)-(h) to the extent applicable.

**ELEVENTH DEFENSE**

Answering defendant invokes *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

**TWELFTH DEFENSE**

Answering defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the First Amended Complaint filed against it, answering defendant requests that the same be dismissed and it be discharged with costs assessed against the Plaintiff.

**DATE:** **April 11, 2017.**

Respectfully submitted,

**JONES COUNTY, MISSISSIPPI**

BY: /s/*William R. Allen*
One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email: wallen@aabalegal.com
Email: jmalone@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Jones County, Mississippi's Answer to Plaintiff's First Amended Complaint with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

> Philip A. Stroud, Esq.
> Brandon L. Flechas, Esq.
> 5779 Getwell Road, Bldg. C-1
> Southhaven, MS 38672
> philip@stroudlawyers.com
> brandon@stroudlawyers.com

This the 11th day of April, 2017.

/s/*William R Allen*
OF COUNSEL